# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANALEE J. PETERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:10-cv-01566-SAB<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES<br><br>(ECF No. 21) |

      Petitioner Marc V. Kalagian ("Counsel"), attorney for Plaintiff Joanalee J. Peterson ("Plaintiff"), filed the present Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) on December 13, 2012. (ECF No. 21.) Counsel requests attorney fees in the amount of $4,000.00 pursuant to 42 U.S.C. § 406(b).

      Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant" or "Commissioner") filed a response to Counsel's motion. (ECF No. 22.) Defendant presented an analysis of Counsel's fee request and took no position regarding the reasonableness of the fees.

      All parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (ECF Nos. 8-9.) For the reasons set forth below, Counsel's motion will be granted.

/ / /

/ / /

# I.

# BACKGROUND

Plaintiff filed her social security appeal in this Court on August 30, 2010. (ECF No. 2.) Upon the stipulation of the parties, the matter was voluntarily remanded back to the Commissioner for further administrative proceedings. (ECF No. 17.) On remand, the Commissioner granted Plaintiff's application for benefits and awarded $45,896.56 in retroactive benefits. (Counsel's Not. Of Mot. And Mot. For Attorney Fees Pursuant to 42 U.S.C. § 405(b) ("Mot. For Atty Fees") 3:5-8.)

Counsel requests a fee of $4,000.00 based upon the contingency fee agreement between Plaintiff and Counsel. (Mot. For Atty Fees 3:8-9.) The contingency fee was twenty-five percent (25%) of the benefits due up to the date of the decision awarding benefits. (Mot. For Atty Fees 8:9-11.) Counsel expended 16.25 hours performing work before the District Court. (Mot. For Atty Fees 3:16-17.)

Previously, the Court awarded Plaintiff attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $2,600.00. (ECF No. 20.) However, the Department of Treasury confiscated this amount and applied it to a debt Plaintiff owed to the government related to child support. (Mot. For Atty Fees 8:24-9:1.) Accordingly, Counsel did not receive any amount of the $2,600.00 awarded by the Court.

# II.

# DISCUSSION

42 U.S.C. § 406(b) states, in pertinent part:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment

Section 406(b) does not displace contingency fee agreements between claimants and their attorneys. Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results

in particular cases." Id. at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits…. Within the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id.

In this case Counsel seeks approval of a net $4,000.00 fee stemming from representation that resulted in an award of $45,896.56 in retroactive benefits. Under the terms of counsel's contingency fee agreement, the entitled fees would be $11,474.14. The $4,000.00 fee represents approximately 8.7% of the total award. Counsel expended 16.25 hours working on this case before the District Court, making the $4,000.00 fee the equivalent to an hourly rate of $246.15.

Under Gisbrecht, the Court first tests the contingent-fee agreement for reasonableness, then determines whether the fee should be reduced based on the character of the representation and the results the representative achieved. Gisbrecht, 535 at 808. Factors justifying a reduction in the fee include (1) substandard representation, (2) dilatory conduct designed to increase the accrued amount of past-due benefits, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case. Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).

Having reviewed at the contingency fee agreement, the quality of representation, the results achieved and the amount of time spent on the case, the Court finds that the requested $4,000.00 fee is reasonable.

Moreover, the Court considered the fact that Plaintiff was previously awarded $2,600.00 in EAJA attorney fees. Fee awards may be made under both section 406(b) and EAJA, but the claimant's attorney must generally refund to the claimant the amount of the smaller fee. Gisbrecht, 535 U.S. at 796. However, in this case, Counsel did not receive any amount of the EAJA fee because it was confiscated by the Department of Treasury to pay off a debt Plaintiff owed to the government. Accordingly, there is nothing for Counsel to refund.

///

///

///

**III.**

**CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that Marc V. Kalagian is awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $4,000.00.

IT IS SO ORDERED.

Dated: **February 1, 2013**              **/s/ Stanley A. Boone**
                                          UNITED STATES MAGISTRATE JUDGE